Reese, J.
delivered the opinion of the court.
This case brings before us again the construction of the 9th section of the act of 1715, ch. 48, for the limitation of actions, if such it be, .against the personal representatives of deceased persons, about which, several years since, so much was written, and so little decided. The deceased, Sullivan, conveyed, in his life time, by deed, certain slaves to the plaintiff, with a covenant of warranty of title. Several years after the death of Sullivan, and after administration granted upon his estate, the slaves were recovered by paramount title asserted in due course of law, from the plaintiff, and were delivered up by him upon process issued for that purpose, a few days before the institution of this suit. Under these circumstances, the 9th section of the act above referred to was pleaded by the defendant as constituting an absolute bar to the plaintiff’s action; and the Circuit Court, upon demurrer, held the plea to be good. And the question in the case is, whether in the judgment of the'Circuit Court there be error or not. If this question had arisen under the act of 1789, it would have been a question already determined by the case of Marshall vs. Hudson, administrator, 9 Yerg. 57, presenting similar circumstances, and by other cases, upon the ground, that a party in the situation of the plaintiff was not a creditor of the defendant at the time of his death or of his representative afterwards, until the recovery and the payment of the money — and therefore not within the terms and letter of the statute at all; and if he be brought within the statute at all, it is only by an equitable construction of it, which equitable construction is not intended for the benefit of the creditor, who would not be affected by the very words of the slat- *631 ule, but of the debtor and of his estate, and in favor of the bar of the statute. Subjecting the creditor, when he becomes such under such circumstances, to the equitable operation of the slat-ute, he is entitled, certainly, to the time given by the statutes, from the period at which his cause of aetjon commenced. And the reason or principle of this construction of the act of 1789 applies in full force to the act of 1715, perhaps more strongly, for that requires the creditor of the decedent to present his claim, if that means suit, within seven years after the death of the debtor; now there might not, for seven years, be any representatives? So this statute as much calls for an equitable construction, so to speak, as the act of 1789.
The judgment will be reversed, and the case remanded to ho proceeded in.